UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RASHOD LAMAR BROWN,

                Petitioner,                Case Number 2:13-CV-13189
                                                          Honorable Robert H. Cleland

v.

CINDI CURIN,

                Respondent.
_____/

ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE

This is a habeas corpus petition filed by a state prisoner. Petitioner is incarcerated at the Oaks Correctional Facility in Manistee, Michigan. Petitioner was convicted in the Wayne Circuit Court of second-degree murder, MICH. COMP. LAWS § 750.317; two counts of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, felon in possession of a firearm MICH. COMP. LAWS § 750.224f; and possessing a firearm during the commission of a felony. MICH. COMP. LAWS § 750.227b. The trial court sentenced him to 660–to-990 months for the murder conviction, 240-to-480 months for the assault convictions, 1-to-5 years for the felon in possession conviction, and a consecutive 5 years for the felony-firearm conviction. The petition claims that: (1) the trial court erred in failing to instruct the jury on self-defense; (2) the aiding and abetting jury instruction was erroneous; (3) trial counsel was ineffective for failing to ask for a self-defense instruction; (4) insufficient evidence was presented at trial to sustain Petitioner's convictions; (5) two witnesses now confirm that Petitioner was with them at the time of the crime; (6) counsel was ineffective

1

for failing to investigate and discover alibi witnesses; (7) trial counsel was ineffective for failing to object to improper jury instructions; and (8) appellate counsel was ineffective for failing to raise Petitioner's fifth, sixth, and seventh claims in the Michigan Court of Appeals.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). Petitioner's application for habeas relief contains only unexhausted claims; therefore, the petition will be dismissed.

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), cited in *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the

2

State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue sua sponte when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner has not exhausted his state court remedies with respect to his fifth, sixth, seventh, and eighth claims. Petitioner alleges that his appellate counsel only raised his first four habeas claims in the Michigan Court of Appeals. Petitioner claims that he wanted his appellate counsel to raise his additional claims, but counsel failed to do so. Petitioner asserts that after the Michigan Court of Appeals affirmed his conviction, he filed all eight of his habeas claims in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal on November 20, 2013. *People v. Brown*, No. 145392 (Mich. Sup. Ct. Nov. 20, 2012).

The fact that Petitioner raised his fifth through eighth habeas claims for the first time in the Michigan Supreme Court was insufficient to exhaust those claims. Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit has recognized that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *Thompson v. Bell*, 580 F.3d 423, 438 (6th Cir. 2009)

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c).

Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 et seq. Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy.

Because Petitioner has four claims that are exhausted and four that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, see 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the

4

date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on November 20, 2012. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on or about February 20, 2013. Accordingly, the statute of limitation had only run for approximately five months at the time Petitioner commenced this action. As there is still approximately seven months remaining on the limitations period, there is no cause to stay the petition and hold the case in abeyance.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on the merits of the claims presented, a certificate may issue if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue if the petitioner shows that jurists of reason would find it debatable whether (1) the petition states a valid claim of

a denial of a constitutional right; and (2) the district court was correct in its procedural ruling. *Id.* at 484-85.

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the Court denies a certificate of appealability.

Accordingly, for the foregoing reasons,

**IT IS ORDERED**, that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED**, that a certificate of appealability is **DENIED**.

s/ Robert H. Cleland
Robert H. Cleland
United States District Court

Dated: July 31, 2013